JOHN F. CARTER *v.* DAVID S. WILDS, *et al.* Commissioners of the Levy Court of Kent County.

*Action of Tort—Parties to Suit.*

No action of tort will lie against a county of this State or the Levy Court thereof.

(*Kent, October, 1887.*)

TRESPASS ON THE CASE for damages sustained by the plaintiff, by the breaking down of a bridge on a public road in West Dover Hundred, under a wagon and team of two horses, laden with a half to three-quarters of a cord of seasoned wood, in September, 1884, and by which one of the horses, as well as himself, was seriously injured.

The evidence introduced on behalf of the plaintiff was as above stated and that the bridge was thirty-six feet long with a span of eighteen feet, the distance from the bridge to the stream below being about ten feet. Four of the sleepers had rotted off at each end. although the floor of bridge laid upon them was apparently sound. The injury sustained by the plaintiff was a fracture of the fifth rib on the right side, which he claimed impaired his usefulness and services as an ordinary farm hand (his occupation) at least one-third.

*John R. Nicholson,* for the defendant, moved a nonsuit on the ground that no action could be maintained against the defendants in respect of injuries sustained through a public bridge or road being out of repair.

And the next case on the trial list being that of the same plaintiff *v.* Kent County for the same injury, it was agreed that argument should be made to meet the points arising in both cases.

*Nicholson* continues. This is the first instance in this State of an attempt to support such an action, and it involves questions of great interest and importance to the profession and to the public.

1. At common law no action could be maintained by one of the public in respect of injuries sustained through a public bridge

or road being out of repair.  Bro. Ab. Title, Accion sur le case, Pl. 93 (5 Edward 4th, 2) where it is said that if an highway be out of repair, by which my horse is mired, no action lies, " car est populus et Serra reforme par presentment."

*Russell v. The Men of Devon,* 2 T. R., 667, where it is also held that no action of any sort will lie against such an unincorporated public body as a county.

It was enacted by the 43 Geo. III, Ch. 59, Sec. 4, that a county might be sued in the name of their surveyor, but it has been uniformly held that this did not create a new liability, and that no action of this sort could be maintained, the reason of the rule being the same as that found in the passage above quoted from Brook's Abridgement which was paraphrased by Alderson, B., in *McKinnon v. Penson,* 8 Exchequer, 321, as follows:  "That inasmuch as a highway ought to be repaired by the public an injury arising from that neglect cannot be the subject of an action, but is only ground for the Crown interfering.  S. C., 9 Exchequer, 609 ; *Young v. Davis,* 7 H. & N., 760 ; S. C. 2 H. & C., 197 ; *Parsons v. St. Matthews Vestry,* L. R. 3 C. P., 56 ; *Gibson v. Tye Mayor &c., of Preston,* L. R. 5 Q. B., 218.

2. That in the United States no action of any sort will lie against a county, except where the county is incorporated by statute and expressly made liable to sue and be sued.

*Ward v. Hartford County,* 12 Conn., 404 ; *Anderson v. State of Mississippi,* 23 Miss., 474 ; and cases there cited *Carroll v. Board of Police of Tishemingo County,* 28 Miss., 49 ; *Lyon et. al. v. Adams et. cet. Commissioners of Cumberland County,* 4 S. & R., 448.

3. There is no such statute in Delaware, and the County in Delaware is the County of the English Common Law.

Act of Union, 34 Charles II, Delaware Laws App., page 4 ; Act of Settlement, same year, Id., page 12 ; Separation of Counties on Delaware, 1704, Id., 46.

4. The Levy Court is an unincorporated body charged in Kent

County, *inter alia*, with the duty of assessing and levying road taxes and appointing road overseers whose duty it is to keep the roads and bridges in repair and who are liable to indictment for failing to perform this duty.

The Delaware provisions for roads are almost identical with the English provisions prior to the Statute of ·43 Geo. III. C. 59, above cited. No possible liability therefore imposed upon the Levy Court.

He here cites long list of statutes from first Colonial Laws to present Code inclusive relating to the Levy Court and to Roads and Bridges—also English Statutes.

5. That even where counties are expressly incorporated and made liable to sue and be sued, with a corporate fund and are represented by a single body commonly called County Commissioners, they are not liable to be sued for injuries sustained through a public bridge or road being out of repair.

Cites and comments upon the following cases which in general support the broader proposition, as claimed by him, that no action *ex delicto* will lie against a county directly or indirectly, unless authorized by statute in *ipsissimis verbis*. A statute incorporating a county and rendering it liable to sue and be sued only held to authorize actions *ex contractu* and this on broad grounds of public policy and the immemorial usage of the common law. Municipal corporations being distinguished in most cases and the reasons of their liability given.

Cooley Constitutional Lim. Secs. 240-247 and cases cited in notes ; Dillin Mun. Corp. Secs. 961-965-997, 1014, pages 1031-1033.

*Weightman v. Washington,* 1 Black, 39 ; *Barnes v. District of Columbia,* 91, U. S., 540 ; *Freeholders of Sussex v. Strader,* 3 Harris, 108, 117 ; *Cooley v. Freeholders of Essex,* 3 Dutch, 415 ; *Young v. Commissioner of Roads &c.,* 2 Nott & McCord, 537 ; *Bartlett v. Crozier,* 17 Johnson, 453 ; *Weet v. Trustees of Village of Brockport,* 16 N. Y., 161 ; *Board of Commissioners of Hamilton*

*County v. Mighels*, 7 Ohio State, 109 ; *Hallenback v. Winebago County*, 95 Ill., 148 ; *Commissioners of Marion County v. Riggs*, 24 Kansas, 257 ; *Woods v. Colfax County*, 10 Neb., 552 ; *Granger v. Pulaski County*, 26 Ark., 37 ; *Reardon v. St. Louis County*, 36 Mo., 555 ; *Clark v. Adair County*, 79 Mo., 536 ; *White v. Commissioners of Chowan County*, 90 N. C., 437 ; *Brobham v. Board of Supervisers of Hinds County*, 54 Minn., 363 ; *Ward v. Tipton*, 7 Baxter, 112 ; *Burnett et. al. v. Contracosta County*, 7 Cal., 77 ; *Dosdall v. County of Olmstead*, 30 Minn., 96 ; *City of Nova Sata v. Pearce*, 46 Tex., 525 ; *Detroit v. Blakely*, 21 Mich., 84. (In Cal., Texas and Michigan cases even Municipal Corporations held not liable.) *Baxter v. Winnaski Towns*, 22 Vt., 114 ; *Mitchell v. City of Rockland*, 52 Me., 123 ; *Chidsey v. Town of Carter*, 17 Conn., 475 ; *Eastman v. Meredith*, 36 N. H., 284 ; *Taylor v. Peckham, Treasurer of Providence*, 8 R. I., 352 ; *City of Providence v. Clapp.* *Hill v. Boston*, 122 Mass., 344, in which a vast number of cases and the principles governing them are commented on by C. J. Gray, in an extremely long and elaborate opinion.

*Scoles v. Ordinary of Chattahoochee County*, 41 Ga., 225 ; *Askew v. Hale County*, 54 Ala., 639 ; *McCullock v. Multnomah County*, 3 Oregon, 424 ; where action was explicitly given by statute.

In only four States of the Union have the courts held otherwise, namely, in Pennsylvania, Maryland, Indiana and Iowa, and in the latter State a later case (53 Iowa 430) acknowledges the error of preceding authorities without expressly overruling them.

The Indiana Courts simply follow the Maryland and Pa., cases which are *Dean v. New Milford Township*, 5 W. & S., 545, and *County Commissioners of Anne Arundel County v. Duckett*, 20 Md., 468. These two cases held that the reason of the common law rule as laid down in *Russell v. the Men of Devon* was that the County was not incorporated and held no corporate fund, and therefore could not be sued at all, but in the cases before them the County was incorporated by statute and in express terms made lia-

ble to sue and be sued.    The differences involved in the distinctions between actions *ex contractu* and actions *ex delicto,* which were made the ground of decision in all the other cases, English and American, in the books, was not raised by counsel and not considered by the Court.    But even in these cases, the reasons given by the Court sustain the view that neither the County nor the Levy Court can be sued in Delaware, so that the authorities are not overwhelming merely, but unanimous in favor of the view of the defendant.

*George P. Fisher*.and *E. T. Cooper,* for the defendant, read Chapter 8, Sec. 18, Rev. Code, in regard to public roads, and cited *Russell v. Men of Devon,* 2 T. R.; *Levy Court v. The Coroner,* 2 Well., 501 ; 13 Mass., 192 ; 1 Cow., 268, 670.    There is no reason for a distinction between the liability of such a *quasi* corporation for a tort and for a contract.    4 Whatt., 498.

THE COURT sustained the motion and granted a nonsuit, COMEGYS, C. J., stating that the overwhelming weight of authority seemed to be in favor of the proposition that no action of tort will lie against such a public division of the State as the county or such a body as the Levy Court.

The case cited from 2 Wallace, 501, *Levy Court v. The Coroner,* was an action of assumpsit on a contract between the parties.